IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:16-MJ-1208-RJ-3

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | ORDER ON PROBABLE CAUSE |
| ) | AND DETENTION |
| ) | |
| THEODORE PIERCE, JR., ) | |
| ) | |
| Defendant. ) | |

This matter came before the court for a preliminary hearing regarding the criminal complaint against Defendant and for a hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain Defendant pending further proceedings. On October 19, 2016, the government charged Defendant in a criminal complaint with allegedly distributing a quantity of heroin, a Schedule I controlled substance, on or about May 16, 2016, in violation of 21 U.S.C. § 841(a)(1). [DE-1].

At the hearing the government presented the testimony of Wilmington Police Department Gang Analyst Robin Pasco and FBI Special Agent James Sye. Defendant, represented by counsel, presented no evidence on probable cause. Defendant presented his mother, Doris Simpson Pierce to serve as a third-party custodian. The court has considered the hearing testimony, exhibits entered and the pretrial services report, which was prepared by the Office of Pretrial Services and provided to the parties in advance of the hearing. The court finds that the credible and information presented by Agent Sye establishes probable cause to support the charges of the criminal complaint.

Having considered the record pursuant to 18 U.S.C. § 3142(g), the law requires that Defendant be detained pending further proceedings based on the following principal findings and reasons: (1) the nature of the offense charged against Defendant and the strength of the

Government's case; (2) Defendant's criminal history, including the observation that Defendant is alleged to have committed drug and weapon offenses while on probation stemming from deferred prosecution of state felony drug charges, and (3) other findings and reasons stated in open court. While the court has considered Defendant's ties to the community and the testimony presented by the proposed third-party custodian, the court finds the risk of non-appearance outweighs such evidence.

Accordingly, Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of the United States Court or on request of an attorney for the government, the person in charge of the corrections facility must deliver Defendant to the United States Marshals for a court appearance.

So ordered, the 31st day of October 2016.

_____
Robert B. Jones, Jr.,
United States Magistrate Judge

2